## WEBENDORFER v. LANDAU et al.

(Supreme Court, Appellate Term, First Department.   February 4, 1915.)

LANDLORD AND TENANT (§ 296*)—RECOVERY OF POSSESSION—SUMMARY PRO-
    CEEDINGS—TIME FOR BRINGING.
    Where, after a sale of a leasehold by the trustee of the bankrupt les-
    see, the lessor accepted from the trustee the amount of rent reserved in
    the lease for the month during which the sale was made, summary pro-
    ceedings against the purchaser of the lease for the possession of the
    premises, begun on the last day of the month for which the rent had been
    paid, were prematurely brought, and must be dismissed.
        [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
    1272–1275, 1283;  Dec. Dig. § 296.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Summary proceedings by Henry Webendorfer against Shie Landau and others, to recover possession of leased premises. Judgment for the landlord, and the tenants appeal. Reversed, and proceedings dismissed.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

Morris & Samuel Meyers, of New York City (Morris Meyers, of New York City, and Samuel Horowitz, of Brooklyn, of counsel), for appellants.

Harry A. Gordon, of New York City, for respondent.

GAVEGAN, J. It is conceded that the landlord, by his authorized agent, entered into the written lease with one Landau for a term of two years with an option for two years more. Shortly after Landau entered into possession of the property, and in January, 1914, an involuntary petition in bankruptcy was filed against him and a receiver appointed. On June 17, 1914, said Landau was adjudged a bankrupt, and the same person who acted as receiver was appointed and qualified as trustee on July 1st. On July 28, 1914, all the assets of the bankrupt were sold, including the lease in suit, which sale was confirmed on July 29th. On that day the trustee paid to said landlord's agent $85, which was the amount of monthly rent specified in the lease. This proceeding was commenced on July 31st; the petition alleging that the tenants were hold-overs.

Although the landlord received the amount of the rent reserved each month, he contended that he permitted the receiver and trustee to continue merely as a tenant at sufferance, receiving rental, not according to the terms of the lease, but as for use and occupation.

The trial judge refused to send to the jury the question as to whether rent was paid up to July 31st, but held that the trustee paid only for the exact time he was in possession, namely, to July 28th, and that it made no difference how much money he paid for such use and occupation. The check which paid the rent for the month of July was in the same form and amount as had been paid each and every month by the receiver, and on its face contained the words, "For rent of premises 336 East 103d street, July, 1914." It was accepted by the landlord's agent, and a receipt was given "for rent for the month of July."

The landlord having accepted rent for the entire month of July, the proceedings herein were prematurely instituted, and should have been dismissed.

Final order reversed, with costs, and proceedings dismissed, with costs. All concur.